UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61052-CIV-COHN/Seltzer

CARL JR. GRANT, Personal Representative
of the Estate of George M. Grant,

    Plaintiff,

vs.

PHILLIP MORRIS USA TOBACCO CO and
R.J. REYNOLDS USA TOBACCO CO.

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND
## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 4], Plaintiff's Responses to the Motion to Dismiss [DE 5, 7 and 10], Plaintiff's Motions to Remand [DE 6 and 12], Defendants' Response to Motions to Remand [DE 9], Plaintiff's Reply to Defendants' Response [DE 13] and the parties' Notices of Adoption [DE 14, 15, 16]. The Court has carefully considered all of the motions, responses and replies thereto, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Carl Grant, Jr. ("Plaintiff") brought this *pro se* action in the Circuit Court in and for Broward County, Florida on June 15, 2009, alleging a tort claim of product liability against two tobacco companies, Phillip Morris and R.J. Reynolds, related to the death of his father, George Grant. Plaintiff initially sought $200 million dollars in this Engle progeny case related to the cigarette use of his father. Plaintiff filed a claim in the Engle Trust Fund proceedings on July 18, 2008 and received at least one payment from

the Engle Trust Fund.

In this action, the Defendants presume the Plaintiff's claim is one for wrongful death on behalf of George Grant.  Mr. George Grant died on September 21, 1983 of cardiac arrest, respiratory failure and pulmonary emphysema.  See Certificate of Death, attached to Complaint at p. 17 of 62 of Docket Entry 1.  The Court will liberally construe the *pro se* complaint to be one for product liability negligence and/or wrongful death.

Defendant R.J. Reynolds removed this action to this Court on July 16, 2009, with the consent of co-Defendant Phillip Morris.  See Exhibit B to Notice of Removal [DE 1-1].  Plaintiff has moved to remand this action to state court while Defendants have moved to dismiss this action for lack of personal jurisdiction (improper service of process) and for failure to state a claim due to the statute of limitations for a wrongful death action.

## II.  DISCUSSION

### A.  Removal Jurisdiction and Motion to Remand

Plaintiff has moved to remand this action back to state court.  Plaintiff argues that there were hearings set before a state court judge and that the case should be heard in state court as an Engle progeny case.  The Engle decision by the Florida Supreme Court determined that smokers could not maintain a class action against certain tobacco companies as to their individual causation and damages.  Engle v. Ligget Group, Inc., 945 So.2d 1246, 1270 (Fla. 2006).  Rather, Plaintiffs were directed to file individual claims as to damages, though they could use the "Phase I common core findings" of the prior litigation to support their claims.  Id.; Brown v. R.J. Reynolds Tobacco Co., 576

F.Supp. 2d 1328, 1332-1334 (M.D. Fla. 2008) (for summary of Engle litigation). The class cutoff date was determined to be November 21, 1996, and any individual actions needed to be filed within one year of the mandate, leaving a deadline of January 11, 2008 for such actions. Engle, 945 So.2d at 1277.

There is nothing in the Engle decision that changes federal law and statutes regarding this Court's diversity jurisdiction or removable actions, nor could a state court make such a change. 28 U.S.C. §§ 1332 and 1441. Plaintiff's Complaint makes clear that the amount in controversy exceeds the diversity jurisdictional limit of $75,000.00, as Plaintiff was seeking $200 million in his Complaint (recently reduced to a demand of $20 million). Defendant's Notice of Removal makes clear that Defendant corporations are citizens of North Carolina and Virginia, while Plaintiff, as representative of the estate of his father, is a citizen of the State of Florida. Therefore, complete diversity of state citizenship is clear.

On a motion to remand, the removing party bears the burden of establishing jurisdiction. Lowery v. Alabama Power Co., 483 F.3d 1184, 1209-1210 (11th Cir. 2007); Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Where the plaintiff's state court complaint seeks a specified amount of damages, such as in this case, a defendant must prove to a legal certainty that plaintiff's claim exceeds $75,000. Burns v. Windor Ins. Co., 31 F.3d 1092 (11th Cir. 1994). That standard is met here as Plaintiff has reiterated that his claim is for more than $75,000.

3

Plaintiff argues in opposition to the motion to remand that because he is part of the Engle progeny cases, his case must be heard in state court.  There is no binding legal authority to support that argument, as the laws governing this Court's jurisdiction cannot be changed by the Florida Supreme Court.  Other Engle progeny cases against these Defendants have been heard in federal court.  Cooper v. R.J. Reynolds Tobacco Co., 586 F.Supp. 2d 1312 (M.D.Fla. 2008); Brown v. R.J. Reynolds Tobacco Co., 576 F.Supp. 2d 1328, 1332-1334 (M.D. Fla. 2008).[1]  This Court therefore concludes that removal of this diversity action was proper.  The Court denies Plaintiff's Motions to Remand to state court.

### B.  Motion to Dismiss Standard

Defendants have moved to dismiss the Complaint for failure to state a claim due to the passage of the statute of limitations for a wrongful death action and for lack of jurisdiction due to the failure of Plaintiff to properly serve the Defendant corporations. Pursuant to the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss for failure to state a claim, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

---

[1]  These two cases had an additional basis for removal, the Class Action Fairness Act.

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### C.  Statute of Limitations

Defendants argue that this action is barred due to the two-year statute of limitations for wrongful death actions.  Fla. Stat. § 95.11(4)(d); Fulton County Adm'r v. Sullivan, 753 So.2d 549, 552 (Fla. 1999).  It is clear from the exhibits attached to the Complaint that George Grant died on September 21, 1983.  A wrongful death action must have been filed within two years of that date.  In addition, according to the Florida Supreme Court ruling, the deadline for filing of individual Engle actions was January 11, 2008.  This action was not filed until June 15, 2009.

Plaintiff argues that because he (acting as representative of his father's estate) is part of the Engle class he is entitled to a tolling of the statute of limitations based upon the statute of repose.  A statute of repose can set a longer limit on the filing of an action. Typically a limitations period for a product liability action must be run from the date that the facts giving rise to the cause of action were discovered, or should have been

5

discovered with the exercise of due diligence.  Fla. Stat. § 95.031 (2)(b).  In this case, because Mr. George Grant's death certificate included pulmonary emphysema as a cause of action, this action arguably should have been filed by September 21, 1985.  See Liggett Group, Inc. v. Engle, 853 So.2d 434, 455 n.23 (Fla. Dist. Ct. App. 2003), affirmed in part, Engle, 945 So.2d at 1276 (discussing time-barred claim of plaintiff Amodeo).

Even if the Court considers a statute of repose, Florida Statutes § 95.031(2)(b) provides that under:

> no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, to recover for harm allegedly caused by a product with an expected useful life of 10 years or less, if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser. . . .

Therefore, even assuming this statute of repose applies to Plaintiff's claim, there is still a 12 year maximum tolling period.  Mr. George Grant died in 1983.  Plaintiff filed an Engle Trust Fund claim on July 18, 2008 and did not file this action until June 15, 2009.  Construing all disputed facts and inferences in favor of Plaintiff, the Court is left with only one possible conclusion:  that Plaintiff's claim is barred by the statute of limitations.

### III.  CONCLUSION

Because Plaintiff's claim is barred by the applicable statute of limitations, the Court need not consider Defendants' other arguments.[2]  The Court will therefore dismiss

---

[2] The Court does not need to consider Defendants' arguments that they were not properly served with service of process.  As Plaintiff merely mailed the complaint to

the claims with prejudice.  Any attempt to amend the complaint would be futile.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motions to Remand [DE 6 and 12] are hereby **DENIED**;

2. Defendant's Motion to Dismiss [DE 4] is hereby **GRANTED**;

3. Plaintiff's claim in this action is hereby **DISMISSED with prejudice** for lack of jurisdiction due to the statute of limitations;

4. The Clerk shall close this case and deny any other motions as moot

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of February, 2010.

JAMES I. COHN
United States District Judge

copies to:

Carl Grant, pro se

counsel of record on CM/ECF

---

Defendants' main offices, Defendants are probably correct that service was not properly executed in this action.